JOHN B. NORRIS v. JOHN BANTA.

Where defendant castrated a mule belonging to the plaintiff, which was annoy·
ing and troublesome to defendant's stock and to the neighborhood, and which
thereupon went blind, the fact that the mule was permitted to run at large is
no justification for the injury done, unless the vicious habits of the mule were
known to plaintiff,

Appeal from Hunt. Tried below before the Hon. W. S. Todd.

Suit commenced before a Justice of the Peace, and the judgment there rendered brought by *certiorari* to the District Court, where, upon motion, the petition for *certiorari* was dismissed, which is assigned as error.

The material averments of the petition are stated in the Opinion.

*W. H. Johnson* and *B. W. Gray*, for appellant.

*T. J. Rodgers* and *J. F. Wilson*, for appellee.

HEMPHILL CH. J. There is not such error in dismissing the petition for *certiorari* as would authorize a reversal of the judgment. The fact that the mule went blind after the castration was proven before the Justice. This was the damage suffered, and it was for the defendant to show that he was not liable. He alleges that there was proof that the mule was over two years old, that he was using with petitioner's stock was teasing and mounting one of his brood mares, and was extremely troublesome in the neighborhood. But it was not shown that the owner was aware of the troublesome qualities of the mule, or that he had been advised thereof by the de-

fendant, or that under the circumstances he must have had knowledge of the fact. The mule was young, and for aught that appears may, under the stimulus of additional food, and the quickening influences of Spring, have become suddenly and for the first time an annoyance. The act of the defendant was a trespass upon his neighbor's property, and such act could not be justified or visited with only nominal damages, unless under circumstances similar to those detailed in Custard v. Burdett, (15 Tex. 457.)

Under the proof in that case the owner must have known that his stallion was a dangerous animal, and with such knowledge suffering him to run at large to the danger of persons and injury and annoyance of stock in the neighborhood, it was questioned whether under such circumstances the act of the defendant could be regarded as a trespass.

But the two cases are not parallel. All the facts in this case may be true, and yet the owner be ignorant that his mule had become troublesome. Nor does it appear but the owner lived in the vicinity, and the mule was running in his accustomed range, or that it was extremely inconvenient to have given notice to the plaintiff.

But the defendant contends that notwithstanding his objections, the Justice erroneously allowed portions of an Almanac to be read in evidence, showing that what is commonly called the sign was in the brain, and that therefore castration at that time would likely produce blindness.

It would seem there could be no objection to the Almanac to prove that at a particular time the moon would be in a certain sign or constellation of the zodiac, any more than to prove the day of the week or the month by the Almanac. Whether the moon's place or the signs could have an influence on bodies of animals is a matter of astrology which has but few believers at the present day among what is called the enlightened portion of the civilized world. Whether the jurors were believers in astrological influences does not appear.

Nor does it appear that from the Almanac it was shown that blindness, or madness, or other damage would follow castration when the sign is in the brain. But the facts, independent of the Almanac, or the exploded doctrines of astrology, were sufficient to authorize the verdict of the jury in the Magistrate's Court. And there being no error the judgment is affirmed.

Judgment affirmed.